THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE CITY DIVISION

CIVIL CASE NO. 1:11cv281

MARGE IANNUCCI and )
MICHAEL A. IANNUCCI, )
 )
      Plaintiffs, )
 )
    vs. )      **O R D E R**
 )
RITE AID CORPORATION, )
 )
      Defendant. )
_____)

**THIS MATTER** is before the Court on the Motion for Partial Judgment on the Pleadings of Rite Aid Corporation. [Doc. 10].

The Plaintiffs have elected to appear *pro se* in this matter. The Defendant has filed a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] [Doc. 10]. Because the Plaintiffs are proceeding *pro se*, the Court will provide instruction as to their obligation to respond to the motion and the time within which to do so. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The Plaintiffs are cautioned that failure

---

[1] The Plaintiffs named as defendants "Rite Aid Corporation, *et. al*." However, the body of the Complaint names only Rite Aid as a defendant. As a result, the Court hereby corrects the caption to accurately reflect the pleading.

to respond to the pending motion will result in its being granted in which case certain claims will be dismissed with prejudice.

A Rule 12(c) motion for partial judgment on the pleadings is decided using the same standard as that applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. Walker v. Kelly, 589 F.3d 127, 138 (4th Cir. 2009), cert. denied __ U.S. __, 130 S.Ct. 3318, 176 L.Ed.2d 1215 (2010). This means that in responding to this motion, the Plaintiffs must show that they have made sufficient allegations in the Complaint to support a cause of action against the Defendant which is recognized by law.

> To survive a Rule 12[c] motion, "[f]actual allegations must be strong enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." [T]he court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (other citations omitted).

The Plaintiffs are therefore advised that the Complaint must contain factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949,

173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 570). A claim is facially plausible when a plaintiff pleads sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Plaintiff is also advised that the Court may take judicial notice of matters of public record. Philips, 572 F.3d at 179-80. It may consider documents attached to the Complaint as well as those attached to the Motion for Partial Judgment on the Pleadings. Id.

Finally, the Plaintiffs are advised that their Response must be filed on or before seventeen (17) calendar days from entry of this Order and that it must also be served on the Defendant. The Plaintiffs must include a Certificate of Service indicating the manner and date on which they served the Defendant.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs may file Response to the Defendant's Motion for Partial Judgment on the Pleadings [Doc. 10] on or before seventeen (17) calendar days from entry of this Order. Failure to do so may result in the dismissal of claims with prejudice.

**IT IS FURTHER ORDERED** that in making any such Response, the Plaintiffs must comply with the Pre-Trial Order and Case Management Plan [Doc. 9] and they must file with their Response a Certificate of Service

indicating the manner and date on which they served the Defendant.

Signed: February 7, 2012

Martin Reidinger
United States District Judge