# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv281

| | |
|---|---|
| MARGE IANNUCCI and <br> MICHAEL A. IANNUCCI, <br><br> Plaintiffs, <br><br> vs. <br><br> RITE AID CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **O R D E R** <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER** is before the Court on the Defendant's Motion for Partial Judgment on the Pleadings. [Doc. 10].

## PROCEDURAL HISTORY

The Plaintiffs, who appear *pro se*, initiated this action on October 24, 2011. [Doc. 1]. The Plaintiff Marge Iannucci (Iannucci or Plaintiff) alleges that she was discriminated against by Defendant Rite Aid Corporation (Rite Aid) on the basis of her sex and age and alleges claims for termination of employment, unequal treatment, harassment and displacement by foreign workers. [Id.]. Although not specified as a separate cause of action, it is alleged that Marge's husband, Michael Iannucci (Michael), has been injured by the loss of consortium. [Id. at 9]. Michael has been named as a plaintiff.

[Id. at 1].

Rite Aid[1] answered and shortly thereafter moved for partial judgment based on the pleadings. [Doc. 4; Doc. 10]. Because the Plaintiffs appear *pro se* in this matter, the Court provided notice to them of the burden they face in responding to such a motion. [Doc. 13]. They were specifically cautioned that the failure to timely respond would result in the dismissal of certain claims with prejudice. [Id. at 1-2]. The Plaintiffs were also advised that their Response was to be filed by February 25, 2012. [Id. at 3].

It is clear that the Plaintiffs received this Order and understood it because on February 22, 2012 they moved for an extension of time within which to respond. [Doc. 14]. That motion was granted on February 23, 2012 and the Plaintiffs were advised to file response on or before March 5, 2012.[2] Eight days after the revised deadline, the Plaintiffs filed an untimely response. [Doc. 15].

While the motion remained under advisement, Rite Aid moved to compel the Plaintiffs to respond to certain discovery requests. [Doc. 19]. It also seeks an award of attorney's fees as a sanction. [Id.].

---

[1] The Plaintiffs styled the caption of the Complaint as naming "Rite Aid Corporation, et. al." as the Defendant(s), but they name no entities or individuals other than Rite Aid. Therefore, the caption has been amended to so reflect.

[2] The motion was granted by text order, a copy of which was printed and mailed to the Plaintiffs.

2

## FACTUAL BACKGROUND

Plaintiff Marge Iannucci alleges that she was employed as a pharmacist at "Store #11565" in Asheville, North Carolina from August 2009 through July 20, 2010. [Doc. 1 at 2]. She does not further describe the identity of the store. Rite Aid alleged in its Answer that Iannucci was actually employed as a pharmacist by Eckerd Corporation (Eckerd), a subsidiary of Rite Aid, until her store was closed in July 2010. [Doc. 4]. Iannucci also alleged in her Complaint that the store where she worked was closed in July 2010. [Doc. 1 at 6]. It is undisputed that her husband, Michael, never worked for Rite Aid or Eckerd. [Id. at 9].

In the Complaint, it is alleged that Marge Iannucci was told in April 2010 by John Lago (Lago), the pharmacy district manager, that her store was to be closed by July of that year. [Doc. 1 at 6]. On June 21, 2010, Iannucci filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). [Doc. 1-2 at 2]. In that Charge, she named as her employer "Rite Aid 11565" and alleged that she had been discriminated against on the basis of her sex, age and disability. [Id.]. The complete content of Charge No. 430-2010-02169 is as follows:

> I was hired by the above employer on 11/17/2008 as a Pharmacist-in-Charge. On 4/29/10 I was informed by John Lago, PDM that I would not be receiving my raise while a single female,

3

> 25 y/o staff pharmacist, less qualified and has engaged in activity which violates company policy will receive her raise. I am a person with a disability and have verbally requested an accommodation to John Lago who did nothing and just laughed.
>
> I was not given a valid reason for not receiving my raise or why my accommodation was not given.
>
> I believe I have been discriminated against because of my sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my age/50 in violation of the Age Discrimination in Employment Act and because of my disability in violation of the American with Disabilities Act.

[Doc. 2-1 at 2]. In the Charge there is no description or identification of Iannucci's alleged disability. It is significant that the only discriminatory acts Plaintiff asserted in her EEOC charge was the failure to give her a raise and the failure to provide the unspecified accommodation.

On July 27, 2011, the EEOC issued a Dismissal and Notice of Rights pursuant to which Iannucci was notified of her right to institute an action. [Doc. 1-2 at 3]. In the Complaint filed in this Court, there are no allegations concerning a disability. The causes of action alleged in the Complaint are as follows: (1) harassment based on age and gender; (2) denial of a raise based on age and gender; (3) unequal treatment during employment based on age and gender; (4) termination based on age and gender; and (5) displacement by foreign employees who work for lower wages. [Doc. 1].

4

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The failure to state a claim upon which relief may be granted can be raised by a motion for judgment on the pleadings. Fed.R.Civ.P. 12(h)(2)(B). Such a motion is decided using the same standard as that applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. Walker v. Kelly, 589 F.3d 127, 138 (4th Cir.), cert. denied __ U.S. __, 130 S.Ct. 3318, 176 L.Ed.2d 1215 (2010). This means that the Plaintiffs must show that they have made sufficient allegations in the Complaint to support a cause of action against the Defendant which is recognized by law.

> To survive a Rule 12[c] motion, "[f]actual allegations must be strong enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." [T]he court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (other citations omitted).

The Complaint therefore must contain factual matter which, if accepted

5

as true, would "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Twombly, supra.). A claim is facially plausible when a plaintiff pleads sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion for judgment on the pleadings, the Court may take judicial notice of matters of public record. Philips, 572 F.3d at 179-80. It may also consider documents attached to the Complaint. Id.

The Plaintiffs attached to the Complaint a document purporting to show a determination by the Employment Security Commission of North Carolina concerning a claim by Iannucci for unemployment benefits. [Doc. 1-2]. That document is inadmissible in this proceeding. N.C. Gen. Stat. 96-4(x)(8). It is likewise not relevant to this action, and therefore will not be considered with regard to this motion.

## DISCUSSION

**Count I: Harassment based on age and gender.**

Before a plaintiff may file a lawsuit alleging employment discrimination in violation of Title VII or the Age Discrimination in Employment Act (ADEA), she must first exhaust administrative remedies by filing a timely charge with the EEOC. 42 U.S.C. §2000e-5; 42 U.S.C. §12117(a); Jones v. Calvert

6

Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Davis v. Va. Commw. Univ., 180 F.3d 626, 628 n.3 (4th Cir. 1999). "[T]he allegations contained in the administrative charge of discrimination [before the EEOC] generally operate to limit the scope of any subsequent judicial complaint." Chacko v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005) (internal quotation and citation omitted). The United States Court of Appeals for the Fourth Circuit has

> ma[d]e clear that the factual allegations in formal litigation must correspond to those set forth in the administrative charge. For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis – such as race – and he introduces another basis in formal litigation – such as sex. A claim will also typically be barred if the administrative charge alleges one type of discrimination – such as discriminatory failure to promote – and the claim [raised in litigation] encompasses another type – such as discrimination in pay and benefits.

Chacko, 429 F.3d at 509.

In Count One, Iannucci alleges that a younger female employee received a larger signing bonus that she received. [Doc. 1 at 5]. She also alleges that district managers made derogatory remarks about her age. [Id.]. These incidents, she claims, amounted to harassment based on age and gender. In the Charge of Discrimination, Charge No. 430-2010-02169, however, Iannucci did not make any claim that she had been harassed because of her age and gender. [Doc. 1-2 at 2]. She alleged only that she did not receive her raise and her disability was not accommodated; and, as a

7

result, she "believe[d]" that she had been discriminated against. [Id.].

The investigation by the EEOC of this Charge was based on Iannucci's claim that she was not awarded her raise or accommodated in her disability, in violation of the ADEA and the ADA. As a result, both the Defendant's response to the Charge and the EEOC's investigation thereof were limited to those claims of discrimination. On July 27, 2011, the EEOC provided Plaintiff with a Dismissal and Notice of Rights related to EEOC Charge No. 430-2010-02169 in which she was advised that the EEOC was closing its file and she was provided with notice of her right to bring suit. [Doc. 1-2 at 3].

As a result, any claim Iannucci may have attempted to raise in her Complaint based on age or gender harassment is barred because she has failed to exhaust her administrative remedies as to such claims.[3] Chacko, 429 F.3d at 509; Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132-33 (4th Cir. 2002) (claims of complaint which exceed allegations in the charge fail). For these reasons, Plaintiff's claim of harassment, Count I, must be dismissed.

---

[3] Even if the Court were to consider the Plaintiffs' untimely response, the only allegation therein is that a younger female employee received a raise while Iannucci did not. This would be insufficient to give rise to a claim for discriminatory harassment. Bagir v. Principi, 434 F.3d 733, 745-6 (4th Cir.), cert. denied 549 U.S. 1051, 127 S.Ct. 659, 166 L.Ed.2d 512 (2006) (plaintiff must show harassment based on age so severe and pervasive as to alter the conditions of employment and create an abusive environment).

**Count IV: Termination claim based on age and gender.**

In Count IV of the Complaint, Iannucci alleges that she was terminated and told she could not continue to work even as a "floating" pharmacist. [Doc. 1 at 6]. On the other hand, she claims, a younger female employee was allowed to transfer to another store. [Id.]. Although not alleged with any clarity, taking the allegations of the Complaint in the light most favorable to the Plaintiff, it appears that Plaintiff is attempting to assert a claim that she was terminated due to her age and gender.

For the same reasons as discussed above, however, this claim must be dismissed. The only EEOC Charge filed by Marge did not allege that she had been unlawfully terminated. Spencer v. Ashcroft, 147 F. App'x. 373, 375 (4th Cir. 2005) (claim of termination is a discrete discriminatory act requiring administration exhaustion) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)) (other citations omitted). And, it is undisputed that she did not amend this Charge. Id.; Knotts v. University of North Carolina at Charlotte, 2011 WL 650493 (W.D.N.C. 2011). The Plaintiffs' claim based on termination due to age and/or gender must therefore be dismissed.

9

**Count V: Displacement by foreign workers.**

In Count V, Iannucci raises the claim that she has been discriminated against on the basis of her national origin because her job was displaced by foreign workers who were employed at a lower hourly rate. [Doc. 1 at 7]. The EEOC Charge, however, did not contain any mention of this even although it contained a box designated "National Origin" which she could have checked. Jones v. Calvert Group, Ltd., 551 F.3d 297, 299, 301 (4th Cir. 2009); Russell v. BSN Medical, Inc., 721 F.Supp.2d 465, 476 (W.D.N.C. 2011); Fordyce v. Doctors Community Hospital, 2010 WL 672937 (D.Md. 2010). Having failed to administratively exhaust this claim, it is barred from being raised in this action. Jones, 551 F.3d at 300-301; Malhotra v.KCI Technologies, Inc., 240 F. App'x. 588 (4th Cir. 2007).

**Counts I, II and III: Gender discrimination claims.**

In Count I, Iannucci alleges that she was discriminated against on the basis of her gender because a younger female employee received more favorable treatment than she. [Doc. 1 at 5]. In Count II, she claims that she was denied both a raise and the right to transfer to a different store because of an unfavorable evaluation. [Id.]. During the same time period, however, a younger female employee who also received an unfavorable evaluation was given a raise and allowed to transfer. [Id.]. In Count III, Iannucci alleges that

the same female employee violated a company policy and was not disciplined. [Id. at 6]. She on other hand, was "aggressively questioned by loss prevention regarding the alleged theft by me of one pill." [Id.].

In order to state a claim for gender discrimination, a plaintiff must allege (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees *outside the protected class*. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir.), cert. granted ___ U.S. ___, 131 S.Ct. 3059, 180 L.Ed.2d 884 (2011). All of Plaintiff's allegations relate to the more favorable treatment purportedly given to another female employee. 42 U.S.C. §2000e-2(b) (women fall within a Title VII protected class). That employee, however, was not outside the protected class Plaintiff claims - women. "[A]s a general rule, Title VII plaintiffs must show that they were [treated differently from] someone outside their protected class in order to make out a *prima facie* case. Miles v. Dell, Inc., 429 F.3d 480, 487 (4th Cir. 2005); Spease v. Public Works Com'n of City of Fayetteville, 369 F. App'x. 455, 456 (4th Cir. 2010); Hirapetian v. City of Charlotte, 2011 WL 2975673 (W.D.N.C. 2011). The Plaintiff has therefore failed to state any claim based on gender discrimination.

**Counts II & III: Age discrimination based on unequal treatment.**

Rite Aid concedes that a claim for discriminatory denial of a raise based on age, as alleged in Count II, remains viable in the case.

In Count III, Iannucci alleges that she was treated differently from the younger female employee who was not disciplined for violating company policy. [Doc. 1 at 6]. The different treatment is that she purportedly was "aggressively questioned by loss prevention regarding the alleged theft by me of one pill" based on the allegation of another employee. [Id.]. Although not clearly stated, taking the allegations in the light most favirable to the Plaintiff, it appears that she is claiming that she was ultimately denied a raise for this alleged violation while a younger female employee was granted a raise and not disciplined.

In order to state a claim for age discrimination, a plaintiff must show that she suffered an adverse employment action. Hill v. Lockheed Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir.), cert. dismissed 543 U.S. 1132, 125 S.Ct. 1115, 160 L.Ed.2d 1090 (2005). "An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir.), cert. denied 552 U.S. 1102, 128 S.Ct. 955, 169 L.Ed.2d 734 (2008) (internal quotation and citation omitted). It must have some

significant detrimental effect on employment such as decrease in pay, job title, level of responsibility or reassignment to a position not commensurate with one's salary level. Id. Iannucci alleges that she was denied a raise and, at least at this stage of the litigation, the claims based on unequal treatment due to age discrimination survive.

**The loss of consortium claim.**

The Plaintiffs did not allege a separate state law claim for loss of consortium. Instead, the claim, to the extent it is stated at all, is derivative of the claims based on age and gender discrimination. Since all claims based on gender discrimination are dismissed, any such loss of consortium claim is also dismissed. Jones v. Southcorr, L.L.C., 324 F.Supp.2d 765, 783 (M.D.N.C.), affirmed 117 F. App'x. 291 (4th Cir. 2004) (citations omitted).

Moreover, any claim for loss of consortium is preempted by the ADEA and Title VII. Chergosky v. Hodges, 975 F.Supp. 799 (E.D.N.C. 1997); Brown v. Youth Services Intern. of Baltimore, Inc., 904 F.Supp. 469, 470 (D.Md. 1995) (federal courts unanimously dismiss loss of consortium claims based on federal civil rights violations).

As a result, Michael Iannucci's claim based on loss of consortium must be dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Partial Judgment on the Pleadings [Doc. 10] is hereby **GRANTED** and every cause of action alleged in the Complaint is hereby **DISMISSED** except that Plaintiff Marge Iannucci's claims of the age discrimination alleged in Count II and Count III are **not dismissed**. All claims of Plaintiff Michael Iannucci are hereby **DISMISSED**.

Signed: May 23, 2012

Martin Reidinger
United States District Judge