IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv281

| | | |
|---|---|---|
| MARGE IANNUCCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RITE AID CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's Motion to Compel [# 19] and Motion for Entry of a Confidentially Agreement [# 34] and Plaintiff's Motion for Extension of Time [# 33]. Plaintiff brought this action alleging age and sex employment discrimination against Defendant. Defendant now moves to compel the production of documents and answers to interrogatories. Defendant also moves for the entry of a confidentiality and protective order. Plaintiff moves the Court to extend the discovery, mediation, and motion deadlines in this case. Upon a review of the record in this case, the Court **GRANTS** the Motion to Compel [# 19] and Motion for Entry of a Confidentially Agreement [# 34] and **GRANTS in part** the Motion for Extension of Time [# 33].

## I. Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

## II. The Discovery Requests at Issue

Defendant seeks a Court Order compelling Plaintiff to respond to the following interrogatories:

**Interrogatory No. 2:** Including military service, self-employment, businesses that you have owned or partially owned, independent contract work, temporary agencies used, and work obtained through temporary agencies, if any, identify each employer you have had since January 1, 2001 and identify your position at each such employer.

**Plaintiff's Response to Interrogatory No. 2:** Plaintiffs object to this Interrogatory on the grounds that it is overly broad in that it is not limited in time to the events relevant to this complaint. However we will answer based on a more relevant time basis to the events relevant to the complaint which is from August 1, 2009 through July 15, 2010. During this period Marge Iannucci was employed by RiteAid [sic] Corporation as a pharmacist-in-charge.

**Interrogatory No. 3:** For each period during which you have not been employed since January 1, 2001, describe fully what you were doing (e.g., hospitalized, in school, seeking employment, incarcerated, etc.) and any income received or accrued during that time.

**Plaintiff's Response to Interrogatory No. 3:** There were no periods of unemployment during the time period described in Response 2.

**Interrogatory No. 4:** If you ever have been disciplined, terminated, or demoted in connection with any employer identified in response to Interrogatory 2 (other than your employment with Defendant), describe each such incident (including specifying your employer at the time), fully.

**Plaintiff's Responses to Interrogatory No. 4:** During the time period already discussed in Response 2, only once by John Lago, pharmacy district manager, as put forth in our complaint.

**Interrogatory No. 5:** Identify and describe fully every lawsuit or legal action (criminal or civil) in which you have participated (including, but not limited to, felonies, misdemeanors, small claims, bankruptcy, workers' compensation, alimony, garnishment, child custody and divorce) as a witness, party, or other type of participant,

including the style or title of the lawsuit or legal action, the case
number, the court in which the lawsuit or legal action was filed and/or
tried, the nature of the lawsuit, legal action or offense charged, and the
outcome of the lawsuit or legal action.

**Plaintiff's Response to Interrogatory No. 5:** During the time
period already discussed in Response 2, none.

**Interrogatory No. 6:** Identify and describe fully every charge or
complaint of discrimination, harassment, and/or retaliation that you
have filed with the Equal Employment Opportunity Commission
("EEOC"), or any other federal, state or local agency, including the
charge or file number and the parties' identities.

**Plaintiff's Response to Interrogatory No. 6:** During the time
period already discussed in Response 2, EEOC Charge # 430-2010-
02169. Filed against Rite Aid Corporation. The Charge of
Discrimination was brought because of Plaintiff's unequal treatment
based on her age coupled with her sex, primarily.

**Interrogatory No. 10:** Identify each physician, psychiatrist,
psychologist, counselor, nurse, or other health care practitioner or
professional (or group of healthcare professionals, hospital, clinic,
hospice, EAP, or other such health care organization by whom you
have been treated or examined since January 1, 2005 to the present.

**Plaintiff's Response to Interrogatory No. 10:** Plaintiffs object
to this interrogatory on the grounds that it is overly broad in that it is not
limited in time to the events relevant to this complaint. However, we
will answer in relation to the more relevant time frame established in
Response 2. Plaintiff Marge Iannucci may have seen her OB/GYN
Joshua S. Jaffe, MD, c/o Physicians for Women's Health 50 Amenia
Rd. Sharon, Ct 06069, for routine gynecological visits during this
time. She may also have seen her asthma/allergist Donald W. Russell,
MD, c/o Allergy Partners 14 McDowell Street Asheville, NC 28801,
for ongoing maintenance of her allergy induced asthma. She may also

-4-

have had a teeth cleaning with her dentist Heath Lefberg, DDS, 2 Town Square Blvd. Asheville, NC 28803. We can not recall exactly.

**Interrogatory No. 11:** Identify and describe specifically all sources of income, including, but not limited to, sources of any payment, salary, compensation, or other income (including unemployment income, worker's compensation income, social security payments, sick leave, disability pay, medical insurance, welfare, or other payments of any kind) that you have received since January 1, 2005 and/or expect to continue to receive.

**Plaintiff's Response to Interrogatory No. 11:** Plaintiffs object to this interrogatory on the grounds that it is overly broad in that it is not limited in time to the events relevant to this complaint. However, we will answer in relation to the more relevant time frame established in Response 2., Plaintiff Marge Iannucci received her hourly wages from RiteAid [sic] for hours worked during said established time frame as well as her second installment of her sign on bonus, again, from Rite Aid.

In addition, Defendant requests an Order compelling Plaintiff to produce documents responsive to the following document requests:

**Request No. 10:** For the period from January 1, 2005 to the present: Any and all documents relating or pertaining in any way to gross wages, salary, commission, compensation, or other monetary benefits or payments earned by you or accruing to you, whether self-employed or employed by others, including, but not limited to, any such monetary benefits or payments received from federal or state governments (including, without limitation, workers' compensation, sick pay, disability pay, welfare, unemployment compensation, and social security).

**Plaintiff's Response to Request No. 10:** Plaintiffs have attached signed copies of Exhibits C and D and this should give Counsel for Defendant all relevant financial information from The

-5-

North Carolina Employment Security Commission and Rite Aid Corporation, and conform to Plaintiffs' objections raised in our responses to those interrogatories that we found overly broad and herein this particular request, seem meant to be burdensome and oppressive.

**Request No. 11:** All documents relating to any medical treatment you received since January 1, 2005, whether physical, emotional or mental, including any and all medical records, reports, documents relating to all prescriptions and medications prescribed to you or taken by you, opinions rendered, bills or other documents that in any way relate to any medical treatment you underwent or are undergoing. For each healthcare provider identified in response to Defendants' Interrogatory No. 10, please execute a copy of the Medical Authorization attached as Exhibit B.

**Plaintiff's Response to Request No. 11:** Plaintiffs object to this request for production of documents on the grounds that it is overly broad in that is not limited in time to the events relevant to this complaint. However, we would be willing to permit counsel upon their specific request in relation to time frame in Response 2 to request documentation from those medical professionals discussed in Response 10.

**Request No. 17:** All documents relating to your job performance, discipline and/or wage earnings during your employment with other employers listed in response to Interrogatory No. 2, including, but not limited to, performance evaluations, letters, pay stubs, and disciplinary documents. For each employer and/or contractor identified in response to Defendant's Interrogatory No. 2 (excluding Defendant), please execute a copy of the Authorization for Release of Employment Records attached as Exhibit D.

**Plaintiff's Response to Request No. 17:** Plaintiffs have attached signed copy of Exhibit D which should give Counsel for Defendant these documents from RiteAid [sic] Corporation and Plaintiffs will

most certainly request a copy of said documents in due time. This also conforms with Plaintiffs' objection raised in our responses to Defendant's Interrogatories.

**Request No. 20:** If you have ever been involved in a criminal or civil legal matter (including bankruptcies, divorces, child custody disputes, garnishments, alimony lawsuits, foreclosures, etc.), whether as a party or a witness, all documents relating to said criminal or civil legal matter, including documents regarding incarceration and parole (if applicable).

**Plaintiff's Response to Request No. 20:** Plaintiffs believe that Counsel for Defendants has these documents in our original complaint which conforms to Plaintiffs' objections raised in our responses to Defendant's Interrogatories.

**Request No. 27:** Please produce copies of all resumes you submitted to any prospective employer or any other entity from January 1, 2005 to present. Please also produce documents reflecting interest expressed by the companies and/or organizations identified in your response to Interrogatory No. 2 as well as any further communications between you, or anyone on your behalf, and each such company or organization.

**Plaintiff's Response to Request No. 27:** "Plaintiffs have attached signed copy of Exhibit D which should contain a copy of Plaintiff Marge Iannucci's resume submitted and accepted by Rite Aid Corporation, which conforms to Plaintiff's objections and which Plaintiffs will request a copy of in due time."

### III. Analysis

The Court finds that Defendant's Interrogatories and Document Requests seek information relevant to the claims asserted by Plaintiff, and that the temporal

limitations placed on this information by Plaintiff is not warranted. District Courts have "wide latitude in controlling discovery," including the overall scope of discovery. Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir. 1986). Plaintiff attempts to limit her responses to the period from August 1, 2009, through July 15, 2010, the dates of her employment with Defendant. Plaintiff's subsequent and prior employment history, however, are also relevant to the claims asserted in this case, including damages. See Cole v. Saks, Inc., No. 5:06cv229, 2007 WL 2997453 (E.D.N.C. Oct. 12, 2007) (holding that subsequent employment history relevant in employment discrimination action). Similarly, Defendant is entitled to know whether Plaintiff was unemployed during this same time period. The Court also finds that information and documents regarding salary and resumes submitted to prospective employees, as well as any discipline, termination, or demotion in connection with the employers identified during the relevant time period is relevant to the claims and alleged damages asserted in the Complaint. Finally, the Court finds that Defendant is entitled to information related to any sources of income Plaintiff has received since July 15, 2010. Accordingly, the Court **GRANTS** the Motion to Compel as to Interrogatories Nos. 2, 3, 4, & 11 and Document Requests Nos. 10, 17, & 27.

Defendant is also entitled to information related to prior lawsuits in which

-8-

Plaintiff participated in or charges of discrimination filed with the EEOC. Plaintiff may not limit this information to only the period of time during which she was employed by Defendant. Defendant is similarly entitled to all documents related to any criminal or civil matters in which she participated. Accordingly, the Court **GRANTS** the Motion to Compel as to Interrogatories Nos. 5 & 6 and Document Request No. 20.

Finally, the Court finds that the information related to all medical providers who have treated Plaintiff since January 1, 2005, is relevant to this dispute. Any documents related to any such medical treatment are also relevant. Plaintiff has placed her emotional and medical state at issue in this matter by seeking damages for pain and suffering and alleging that she has developed hypertension and a loss of interest in having sexual intercourse with her husband as a result of the stress created by the alleged conduct. See Owens v. Sprint/United Mgmt. Co., 221 F.R.D. 657, 659 (D. Kan. 2004) ("Generally, discovery requests seeking an employment discrimination plaintiff's medical and psychological records are held to be relevant as to both causation and the extent of plaintiff's alleged injuries and damages if plaintiff claims damages for emotional pain, suffering, and mental anguish."); Carr v. Double T. Diner, No. WMN-10CV-00230, 2010 WL 3522428, at *2-3 (D. Md. Sep. 8, 2010); EEOC v. Sheffield Fin., LLC, No. 1:06cv00889,

2007 WL 1726560, at *5-6 (M.D.N.C. Jun. 13, 2007). Although Plaintiff provided some medical information for the dates of her employment, the Court finds that Defendants are entitled to a complete list of each healthcare provider she has seen since January 1, 2005. Accordingly, the Court **GRANTS** the Motion to Compel as to Interrogatory No. 10 and Document Request No. 11.

### III. Conclusion

The Court **GRANTS** the Motion to Compel [# 19]. The Court **DIRECTS** Plaintiff to fully respond to the Defendant's Request for Production of Documents Nos. 10,11,17, 20, and 27 and Interrogatories Nos. 2-6, 10, and 11 within thirty (30) days of the entry of this Order. The Court also **GRANTS** the Motion for Entry of a Confidentially Agreement and incorporates the Confidentiality Agreement [# 34-2] Attached as Exhibit A to Defendant's motion into the body of this Order. The Court also **GRANTS in part** Plaintiff's Motion for Extension of time to Complete Discovery [# 33]. The Court **EXTENDS** the discovery, mediation, and motion deadlines by thirty (30) days. Finally, the Court finds that an award of costs is not required in this situation.

-10-

Case 1:11-cv-00281-MR-DLH   Document 35   Filed 07/24/12   Page 10 of 11

Signed: July 24, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge