IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv281

| | |
|---|---|
| MARGE IANNUCCI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RITE AID CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the following matters:

1. The Defendant's Motion to Compel Acceptance of Rule 68 Offer of Judgment and to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 37];

2. The Defendant's Motion for Status Conference [Doc. 38]; and

3. The Defendant's Second Motion to Compel and for Limited Extension of Deadlines [Doc. 40].

## PROCEDURAL HISTORY

The Plaintiff, who appears *pro se*, initiated this action on October 24, 2011. [Doc. 1]. The Plaintiff alleged that she was discriminated against by Defendant on the basis of her sex and age and alleged claims for termination

of employment, unequal treatment, harassment and displacement by foreign workers. [Id.]. Although not specified as a separate cause of action, it was alleged that Plaintiff's husband had been injured by the loss of consortium. [Id. at 1, 9]. That claim has since been dismissed. [Doc. 21].

The Defendant answered and shortly thereafter moved for partial judgment based on the pleadings. [Doc. 4; Doc. 10]. Because of the Plaintiff's *pro se* status, the Court provided her notice of the burden she faced in responding to such a motion. [Doc. 13]. The Plaintiff was specifically cautioned that the failure to timely respond would result in the dismissal of certain claims with prejudice. [Id. at 1-2]. The Plaintiff was also advised that her Response was to be filed by February 25, 2012. [Id. at 3].

The Plaintiff moved for and obtained an extension of time within which to respond. [Doc. 14]. She was advised to file response on or before March 5, 2012.[1] [Id.]. Eight days after that deadline, the Plaintiff filed an untimely response. [Doc. 15].

On May 24, 2012, the Court granted the Defendant's Motion for Partial Judgment on the Pleadings. [Doc.21]. Each cause of action alleged in the Complaint was dismissed except the Age Discrimination in Employment Act

---

[1]The motion was granted by text order, a copy of which was printed and mailed to the Plaintiffs.

(ADEA) claim based on the denial of a raise alleged by the Plaintiff in Count II and Count III of the Complaint. [Id. at 12-14]. The claim asserted by the Plaintiff's husband was dismissed. [Id.].

On August 23, 2012, the Defendant filed the pending Motion to Compel Acceptance of Rule 68 Offer of Judgment and to Dismiss for Lack of Subject Matter Jurisdiction. [Doc. 37]. On August 30, 2012, the Plaintiff filed a Response to the motion in which she argued that she seeks relief based on age discrimination beyond the denial of the raise. She quoted a portion of the applicable statute and asserted that the statute contains provisions allowing damages in excess of $75,000.00, presumably implying that she is making a claim for relief in excess of that amount.[2] [Doc. 46]. She made no response, however, to the Defendant's claim that an offer of judgment had been made and that she had rejected it. [Id.].

On September 7, 2012, the Magistrate Judge, out of an abundance of caution, provided notice to the Plaintiff of her obligations to respond to the pending motion and of the time within which to do so. [Doc. 43]. The Magistrate Judge carefully explained to the pro se Plaintiff that she needed to

---

[2] Plaintiff's response is difficult to follow. It is only in the concluding paragraph that she implies that the gist of her claim is for something other than the denial of the raise. [Doc. 46 at 2]. This interpretation of Plaintiff's response is giving her more than the benefit of the doubt in light of her pro se status.

3

file a written response to the Defendant's contentions. [Id.]. She was further advised to file such response on or before September 19, 2012. [Id.].

The time within which the Plaintiff could file further response has expired and she has made no further filings.

## DISCUSSION

The Defendant has moved to dismiss the action as moot pursuant to Federal Rule of Civil Procedure 12(b)(1). If the Plaintiff's case is, in fact, moot, then this Court lacks subject matter jurisdiction and the action must be dismissed. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983).

> This is so because mootness principles derive from Article III of the Constitution, which mandates that federal courts adjudicate only disputes involving a case or controversy. As a federal court, [this Court] must investigate the limits of [its] subject-matter jurisdiction whenever that jurisdiction is fairly in doubt. A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. ... [The Fourth Circuit has] found there was no longer any case or controversy when defendants had offered [a plaintiff] the full amount of damages to which the plaintiff claimed entitlement.

Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 370 (4th Cir. 2012) (internal quotations and citations omitted).

On August 8, 2012, the Defendant made a Rule 68 Offer of Judgment to the Plaintiff for the sum certain of $3,000.00. [Doc. 37-3]. The offer was

unconditional. [Id.]. The Plaintiff was advised in the offer that she had fourteen days within which to accept the offer and was further advised that, if she rejected it and any judgment ultimately obtained was less than $3,000.00, then she would be liable for costs, including attorney's fees. [Id.].

> The plain purpose of this rule is to encourage settlement and avoid litigation. To effectuate the purposes of Rule 68, an offer of judgment must specify a definite sum or other relief for which judgment may be entered and must be unconditional. The plaintiff must know unequivocally what is being offered in order to be responsible for refusing such offer. When a Rule 68 offer unequivocally offers a plaintiff all the relief she sought to obtain, the offer renders the plaintiff's action moot.

Warren, 676 F.3d at 370-71 (internal quotations and citations omitted).

As a result of the Court's previous ruling, the only claim left in this action is the Plaintiff's claim that she was denied a raise because of her age. [Doc. 21]. Plaintiff's argument does not seem to recognize or acknowledge this fact. Her response to the present motion appears to be based on a belief that she has more pending before this Court than she does. "Plaintiff did not simply allege denial of a raise, Plaintiff alleges being treated in her employment completely differently based on age. This discriminatory treatment was indeed engaged against her by Defendant with malice and/or reckless indifference." [Doc. 46 at 2]. Based thereon Plaintiff argues she has claims for a "possible judgment ... well in excess of $75,000." [Id.]. This Court,

5

however, does not have subject matter jurisdiction to entertain any claim beyond that filed in the Plaintiff's charge filed with the Equal Employment Opportunity Commission (EEOC). Chacko v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005) (internal quotation and citation omitted). The Plaintiff's EEOC Charge is clearly limited to the adverse employment action of the discriminatory denial of a raise. [Doc. 1-2 at 2]. Moreover, in her Complaint the Plaintiff makes no claim regarding malicious or wanton conduct in either count relating to age discrimination. No such additional claim is before this Court.

Therefore, in analyzing the effect of the Offer of Judgment the Court must determine what Plaintiff's recovery could be on the sole remaining claim. In her Complaint, the Plaintiff alleges that the amount of raise she should have received was $1.25 per hour. [Doc. 1 at 8]. Using this figure, the Defendant calculated the maximum possible recovery of lost wages, liquidated damages pursuant to the ADEA, costs and interest to be $2,315.91, [Doc. 37-1 at 6], which Plaintiff does not dispute. [Doc. 46]. Despite this figure, the Rule 68 Offer was in the amount of $3,000.00. This is the sum certain which the Plaintiff rejected by failing to respond. [Doc. 37].

When "a defendant challenges the existence of subject matter

6

jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir.), cert. denied __ U.S. __, 130 S.Ct. 229, 175 L.Ed.2d 129 (2009). For this reason, when the Defendant filed the present motion, which includes a motion to dismiss for lack of subject matter jurisdiction, it was incumbent on the Plaintiff to present to the Court the factual and legal basis upon which such jurisdiction can rest. Unfortunately for the Plaintiff, in response to the Defendant's motion, she merely quoted portions of the statute, claimed that the statute authorizes damages in excess of $75,000.00 and argued that she has a claim for age discrimination separate and apart from her claim based on the denial of a raise. [Doc. 46]. This response is deficient in several ways. First, It does not establish any facts upon which subject matter jurisdiction can rest. Id. As to this most important point Plaintiff's response is silent. Second, the Plaintiff's assertion regarding her remaining claims is belied by the record of this case. Plaintiff has one claim remaining in this action, that being a claim based on the denial of a raise. She has no pending claim for age discrimination in general, and even if she had filed such it would have been beyond the scope of her EEOC charge. Id. Third, the Plaintiff has not disputed the Defendant's calculation of her entitlement to lost wages,

liquidated damages or costs.  Id.  The burden is on the Plaintiff to present facts showing that subject matter jurisdiction remains.  To do so she must show that she continues to have a viable claim that exceeds the amount of the Defendant's Offer of Judgment.  Plaintiff has not even attempted to do so.  Indeed, she filed no further response to the Defendant's motion even after having been given an additional opportunity to do so by the Magistrate Judge.  Because the Rule 68 Offer of Judgment unequivocally offered the Plaintiff relief in excess of what she sought in the sole remaining claim of her action, the offer has rendered the action moot.  "[W]hen the claimant receives the relief he or she sought to obtain through the claim," the controversy is not alive and must be dismissed as moot.  Warren, 676 F.3d at 371; Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).   Or, as stated by the Seventh Circuit, "You cannot persist in suing after you've won."  Greisz v. Household Bank (Ill.), 176 F.3d 1012, 1015 (7th Cir. 1999).

In this case, the Plaintiff argues she should be allowed to do exactly that.  She filed several claims.  Almost all of them were not legally viable and were dismissed.  As to the remaining claim, however, the Defendant has conceded; it has waived the white flag.  In the face of that concession; that is, the Offer of Judgment, the Plaintiff cannot persist in litigating and needlessly

8

using the Court's resources. There remains no case or controversy. Hence, this Court does not have jurisdiction to entertain any further dispute between these parties. Upon entry of the Judgment in accord with the Offer of Judgment, the remainder of this claim must be dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Compel Acceptance of Rule 68 Offer [Doc. 37] is hereby **GRANTED** and Judgment is entered simultaneously herewith.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 37] is hereby **GRANTED** and upon the entry of the aforementioned Judgment, the balance of this action is hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Status Conference [Doc. 38] and Second Motion to Compel and for Limited Extension of Deadlines [Doc. 40] are hereby **DENIED** as moot.

Signed: October 18, 2012

Martin Reidinger
United States District Judge